Earnest Gentry SISK et ux., Appellants,

v.

Alvin K. DUCK, Appellee.

No. B2199.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 16, 1980.
Rehearing Denied Feb. 6, 1980.

Michael L. O'Brien, Law Offices of Harold Lloyd, Houston, for appellants.

Michael M. Phillips, Angleton, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

COULSON, Justice.

This appeal is from a divorce decree appointing appellee, Alvin K. Duck, III (Duck), managing conservator of his minor son, Christopher Allen Duck (Chris) and denying the request of the boy's maternal grandparents that the parental rights of both parents be terminated and that they be allowed to adopt Chris. The controlling issue is whether the minor child was adequately represented at the trial. We hold that he was not.

The Sisks filed suit in Harris County asking that the parent-child relationship between Chris and each of his parents be terminated and that the Sisks be allowed to adopt Chris or, alternatively, that they be appointed managing conservators of the child. Duck answered the petition, and Joyce Lynne Sisk Duck, the child's mother, signed a waiver of service and entry of appearance. The court appointed a guardian ad litem to represent the interests of the child and issued temporary orders in the cause.

Subsequently, Duck filed a suit for divorce in Brazoria County in which he asked that he be appointed managing conservator of the child. Upon motion of Duck the termination suit filed in Harris County was transferred to Brazoria County and consolidated with the divorce suit. The case was tried to a jury, and it was found to be in the best interest of the child that Duck be appointed managing conservator.

Although a guardian ad litem had been appointed to represent Chris in the Harris County case, no one acted in that capacity during the trial in Brazoria County. Tex. Fam.Code Ann. § 11.10(a) (Vernon 1978) states:

In any suit in which termination of the parent-child relationship is sought, the court shall appoint a guardian ad litem to represent the interests of the child, unless the child is a petitioner or unless an attorney ad litem has been appointed for the child or unless the court finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party. In any other suit under this subtitle, the court may appoint a guardian ad litem. The managing conservator may be appointed guardian ad litem if he is not a parent of the child or a person petitioning for adoption of the child and if he has no personal interest in the suit.

The guardian ad litem appointed in Harris County did not participate in the trial. Nor was another ad litem appointed in the proceedings in Brazoria County. From the record before us, it cannot be said that the interests of the child were adequately represented by any party to the suit. Each party was strongly advocating its own position; the interests of the child were seemingly secondary to the interests of the parties. § 11.10(a) guards against just such an occurrence by its mandatory language that ". . . the court *shall* appoint a guardian ad litem to represent the interests of the child . . . ." None of the exceptions to that mandate were applicable in this case: the child was not a petitioner; although the judge in the Harris County proceeding determined that the child required a guardian ad litem to represent his interests, that attorney did not appear in the Brazoria County proceeding nor was another attorney appointed by the Brazoria County judge; and the interests of the child were not adequately represented by a party to the suit. Hence, this cause must be reversed and remanded.

In the event a retrial is had, it must be pointed out that where one is seeking to deprive a natural parent of custody of a child, the burden of proof on the issue of the best interests of the child is upon the

challenger. *Herrera v. Herrera*, 409 S.W.2d 395, 396 (Tex.1966). Additionally, the evidence must be clear and convincing in order to give custody to one other than the natural parent. *Calhoun v. Ruffer*, 425 S.W.2d 50, 53 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ).

The judgment of the trial court terminating the marriage of Alvin K. and Joyce Lynne Duck, dividing the estate of the parties and awarding attorney's fees is affirmed.

We sever and remand the custody, termination and adoption issues inasmuch as we hold that the interests of the minor child were not adequately represented at the trial.

We withdraw our former opinion handed down on November 8, 1979, and substitute this one in its place.