**John Arthur ARNOLD, Appellant,**

v.

**Rebecca Caroline CAILLIER, et vir, Appellee.**

**No. 8705.**

Court of Appeals of Texas, Beaumont.

Dec. 22, 1981.

KEITH, Justice.

The father appeals from an order entered in a bench trial which terminated his parental rights to his six-year-old daughter because of his willful failure to contribute to the support of the child. The primary contention on appeal is that the trial court erred in entering the judgment without having appointed a guardian ad litem to represent the interest of the minor as provided in *Tex. Family Code Ann. § 11.10 (Supp. 1980–1981)*. The secondary contention is that the evidence is legally and factually insufficient to support the judgment.

The mother was appointed managing conservator of the child in the divorce decree entered in 1978, and the father was ordered to pay $100 per month for the support of the child. He paid either $200 or $400, according to which parent/witness is believed, during the period December, 1978–April, 1981, the interval between the entry of the divorce decree and the hearing of the termination application. The trial court found he paid $400.

The mother remarried shortly after the divorce and the record shows that her new husband and the child have a very harmonious relationship. The natural father moved to Arizona shortly after the divorce and, according to his testimony, stopped making contributions because of his inability to have the child with him for periodic visits.

The trial court did not appoint an attorney or a guardian ad litem to represent the minor child nor did it make a specific finding that the interests of the child "will be represented adequately by a party to the suit [whose interests] are not adverse to that party." *Tex. Family Code Ann. § 11.-10(a)*.[1] The first complaint concerning the matter is to be found in the father's appellate brief filed months after the conclusion of the hearing.[2]

Primary reliance is placed upon *Sisk v. Duck*, 593 S.W.2d 416 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n. r. e.),[3] a divorce suit wherein the maternal grandparents sought custody of a minor child. Justice Coulson, noting that the statute was couched in mandatory language, also used language which we find is applicable to the case at bar:

> "Each party was strongly advocating its own position; the interests of the child were seemingly secondary to the interests of the parties."

From this premise the *Sisk Court* drew the conclusion that "it cannot be said that the interests of the child were adequately represented by any party to the suit." (593 S.W.2d at 417) We reach the same conclusion from our record.

Cases involving termination of parental rights present issues of constitutional dimensions. *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976). The involuntary termination of parental rights is of such a drastic nature that proof of the need therefor must be shown by clear and convincing evidence. *In the Interest of G. M.*, 596 S.W.2d 846, 847 (Tex. 1980).

It is also well established that parental rights may not be terminated solely upon a determination of the best interests of the child under *Tex. Family Code Ann. § 15.02 (Supp. 1980–1981)*. *Wiley v. Spratlan*, supra (543 S.W.2d at 351); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex.1976). To authorize a termination of such rights, one or more of the stated elements in *Tex. Family Code Ann. § 15.02(1)*, must be established *and* it must be shown that "termination is in the best interest of the child" under *§ 15.02(2)*. "Both elements must be established." *Wiley v. Spratlan*, supra.

There was little dispute between the parties as to the father's failure to support the child in accordance with his ability, this being the single ground under *subsection (F) of § 15.02(1)* relied upon by the mother. The basic thrust of the mother's testimony, in which she was joined by her new husband, was to establish the second prong or "best interest" requirement.

The parties were, as is customary in such litigation, very partisan and the mother was interested in removing the legal barrier to the adoption of the child by her husband.

1. *Sec. 11.10(a)*: "In any suit in which termination of the parent-child relationship is sought, the court shall appoint a guardian ad litem to represent the interests of the child, unless the child is a petitioner or unless an attorney at litem has been appointed for the child or unless the court finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party. In any other suit under this subtitle, the court may appoint a guardian ad litem. The managing conservator may be appointed guardian ad litem if he is not a parent of the child or a person petitioning for adoption of the child and if he has no personal interest in the suit."

2. At the father's request, the trial court filed findings of fact and conclusions of law but no complaint was made because of the failure to make findings as to the lack of a guardian ad litem.

3. While there is language supporting the views expressed in *Sisk*, supra, to be found in *Sims v. State Dept. of Public Welfare*, 438 F.Supp. 1179, 1194 (S.C.Tex.1977), we do not find that case to be authoritative since it was reversed on a jurisdictional issue. *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).

While our record does not disclose the nature or extent of the father's estate, if any there was, it should be borne in mind that a decree in a termination proceeding may have far-reaching consequences to the minor. See *Go International, Inc. v. Lewis*, 601 S.W.2d 495, 499 (Tex.Civ.App.—El Paso 1980, writ ref'd n. r. e.); *Banegas v. Holmquist*, 535 S.W.2d 410, 411 (Tex.Civ.App.—El Paso 1976, no writ).

Whether or not error has been disclosed by the failure to appoint a guardian ad litem in this case presents a judgment call. Our review of the record does not persuade us that the evidence was either legally or factually insufficient to support the trial court's judgment terminating the father's parental rights. See *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

However, the stubborn fact remains: the trial court did not appoint a guardian ad litem nor did it make a separate and independent finding that the child's rights were represented adequately by a party to the suit.[4] The statute is mandatory and uses the word "shall." In a different context, Justice Klingeman spoke in the case of *R.K.M. v. State*, 520 S.W.2d 878, 880 (Tex. Civ.App.—San Antonio 1975, no writ), using this language:

> "We are not inclined to hold that the word 'must' as used in the statute means 'perhaps,' 'maybe,' 'sometime,' or 'substantially.' It is an easy matter to track the language of the statute and to do so would not work a hardship on anyone."

See also, *W.J.M.A. v. State*, 602 S.W.2d 397, 400 (Tex.Civ.App.—Beaumont 1980, no writ), involving the word "shall."

The father and mother, the latter aided by her husband, were busily litigating their personal interests, i.e., their personal right to have the child present in their respective homes; in the meanwhile, there was no one present whose *primary* obligation was to protect the child's rights then being litigated.

Thus there was no compliance with the mandatory provisions of the statute governing the proceedings. This we find to be error requiring a reversal and remand of the judgment, and it is so ordered.

Reversed and Remanded.

---

4. The "best interest" finding of fact found in our record relates to the "termination of the parent-child relationship" between the father and the child and does not address the question of adequate representation.

We repeat our suggestion heretofore made in *State v. Woodville Lumber Co., Inc.*, 557 S.W.2d 572, 574 fn. 3 (Tex.Civ.App.—Beaumont 1977, no writ), relating to findings consisting of factual and legal conclusions. The finding of "best interest" is a simple recognition of a requirement imposed by the statute *and* the Supreme Court in *Wiley v. Spratlan*, supra.