**Edgar Wilson BARFIELD, Appellant,**

v.

**Naomi Barfield WHITE, Appellee.**

**No. 13551.**

Court of Appeals of Texas, Austin.

Feb. 23, 1983.

**408**

Jane Matyastik, Cameron, for appellant.

Robert E. Jack, Henderson & Jack, Cameron, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

This is an appeal from a judgment entered after a jury trial in which appellant's parent-child relationship with his five-year-old daughter was terminated because of his failure to contribute to the child's support.

Because of our disposition of this cause, we only need to consider one of appellant's fifteen points of error—the failure of the trial court to appoint a guardian ad litem as required by Tex.Fam.Code Ann. Sec. 11.-10(a) (1975).

The parties were divorced in 1977. The decree named appellee the managing conservator and ordered appellant to pay seventy dollars per month child support. After a few months, appellant stopped this payment but alleges he did so only because appellee told him to "keep his money." After appellee remarried, she instituted this action along with an action requesting the court to allow her new husband to adopt her child. The adoption action was severed from this cause, and the trial court, upon a finding by the jury that appellant failed to support the child in accordance with his ability during the period of one year ending within six months of the date of the filing of this suit, terminated appellant's parental rights.

■ Tex.Fam.Code Ann. Sec. 11.10(a) (Supp.1982) provides in pertinent part:

[i]n any suit in which termination of the parent-child relationship is sought, the court shall appoint a guardian ad litem to represent the interests of the child, unless the child is a petitioner or unless an attorney ad litem has been appointed for the child or unless the court finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party.

The statute is mandatory and requires the court in a case such as the one before us to appoint a guardian ad litem, attorney ad litem or find that because a party in the suit has no adverse interests to the child and will adequately represent the child a guardian ad litem is not needed. *Arnold v. Caillier*, 628 S.W.2d 468 (Tex.App.1981, no writ); *Sisk v. Duck*, 593 S.W.2d 416 (Tex. Civ.App.1980, writ ref'd n.r.e.).

■ The trial court attempted to justify its failure to appoint a guardian or attorney ad litem by making the following finding:

[t]he court finds that the interests of the child are adequately represented by the parties to the suit and the interests of the child are not adverse to the parties to the suit, and that appointment of a guardian-ad-litem is not required to protect the interest of the child.

The trial court's finding does not comply with the statutory requirements of Section 11.10(a) that the court find that the child's interest will be represented adequately by *a* party to the suit and that the child's interests are not adverse to *that party.* The trial court's inadequate finding alone is sufficient error to require reversal. *See Arnold v. Caillier, supra.* But assuming that it is not, we cannot accept the trial court's determination that the interests of this five-year-old child were adequately represented when both parties were strongly advocating their own interests.

The recent case of *Arnold v. Caillier, supra,* like the case at bar, was an appeal involving an adoption petition joined with a termination proceeding. In *Arnold,* the Beaumont Court of Appeals reversed the trial court for its failure to appoint a guardian ad litem or make a specific finding that the interests of the child would be represented adequately by a party to the suit whose interests are not adverse to that party. There, as here, the parties were "very partisan, and the mother was interested in removing the legal barrier to the adoption of the child by her husband."

The Court further added:

Cases of termination of parental rights present issues of constitutional dimensions. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Wiley v. Spratlan,* 543 S.W.2d 349 (Tex.1976). The involuntary termination of parental rights is of such a drastic nature that proof of the need therefor must be shown by clear and convincing evidence. *In the Interest of G.M.,* 596 S.W.2d 846 (Tex. 1980).

*Arnold v. Caillier, supra,* 628 S.W.2d at 469.

We think it would be a rare situation where the trial court can properly find that an attorney or guardian ad litem is not needed when one parent is trying to terminate the other parent's parental rights. These cases by their very nature require the father and mother to litigate their personal interests. There is no party in this type of litigation whose primary duty is to protect the child's interests.

For the reasons stated herein, the judgment of the trial court must be reversed and the cause remanded for a new trial.