Billy P. TURNER, Appellant,

v.

Arthur W. LUTZ, et ux., Appellee.

No. 13634.

Court of Appeals of Texas, Austin.

June 22, 1983.

David Greenfield, Prescott, Greenfield, Mewhinney & Wilson, Temple, for appellant.

Geoffrey Fitzgerald, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

This is an appeal from a judgment entered after a bench trial in which appellant's parent-child relationship with his two children was terminated because of his failure to contribute to the children's support. Because of our disposition of this cause, we only need to consider appellant's first point of error—the failure of the trial court to appoint a guardian ad litem as required by Tex.Fam.Code Ann. § 11.10(a) (Supp.1982).

The parties were divorced in 1980. The divorce decree named appellee, Patricia Lutz, managing conservator and appellant, Billy Turner, possessory conservator and ordered appellant to pay $100 per month child support. At the time this suit was filed, appellant had failed to pay child support for fifteen months. After the trial court found that appellant failed to support the children in accordance with his ability during the period of one year ending within six months of the date of the filing of this suit, appellant's parent-child relationship with his two children was terminated.

■ Tex.Fam.Code Ann. § 11.10(a) (Supp.1982) provides in pertinent part:

[i]n any suit in which termination of the parent-child relationship is sought, the court shall appoint a guardian ad litem to represent the interests of the child, unless the child is the petitioner or unless an attorney ad litem has been appointed for the child or unless the court finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party.

The statute is mandatory and requires the trial court in a case such as the one before us to appoint a guardian ad litem or an attorney ad litem or to find that because a party in the suit has no adverse interests to the child and will adequately represent the child a guardian ad litem is not needed. *Barfield v. White,* 647 S.W.2d 407 (Tex.App. 1983, no writ); *Arnold v. Caillier,* 628 S.W.2d 468 (Tex.App.1981, no writ); *Sisk v. Duck,* 593 S.W.2d 416 (Tex.Civ.App.1980, writ ref'd n.r.e.). Furthermore, a court's error in failing to appoint a guardian ad litem can be raised, as it was in this case, for the first time on appeal. *Arnold v. Caillier, supra.* In the instant case, the trial court failed to appoint a guardian or attorney ad litem to represent the minor children's interests and failed to make a specific finding for each child that a party in the suit has no adverse interests to the child and will adequately represent the child.

Appellees make essentially three arguments in support of their opinion that the trial court's failure to comply with § 11.-10(a) should not cause a reversal and remand of this case: that "the trial court impliedly found no conflict [between a party and the children] and thereby was not required to make the appointment"; that there was either no error or the error was waived because of the absence of a request for a guardian or attorney ad litem's appointment and the lack of evidence showing a need for the appointment of one; or that any error in the trial court's failure to comply with § 11.10(a) was harmless.

■ Because appellant requested findings of fact, he has avoided findings that would otherwise be implied to support the judgment. *Duncan v. Willis,* 157 Tex. 316, 302 S.W.2d 627 (1957); Tex.R.Civ.P.Ann. 299 (1977). In other words, the trial court's express findings cannot be extended by implication to cover further independent facts. *Duncan v. Willis, supra.* This case does not present a situation where an "omitted unrequested element . . . supported by evidence will be supplied by presumption to support the judgment despite the filing of findings of fact." *Cf. F.R. Hernandez Const. v. Nat. Bk. of Commerce,* 578 S.W.2d 675 (Tex. 1979). The trial court in the instant case made no express finding which can be con-

strued as being an element related to the adequacy of the children's representation. *See Arnold v. Caillier, supra,* at 470 n. 4. Therefore, we cannot hold, even if we were so inclined, that the trial court impliedly found that "the interests of [each] . . . child will be adequately represented by a party to a suit and are not adverse to that party."

Appellees argue that *Swearingen v. Swearingen,* 578 S.W.2d 829 (Tex.Civ.App. 1979, writ dism'd) and *Linan v. Linan,* 632 S.W.2d 155 (Tex.App.1982, no writ) support their argument that the trial court did not err in failing to comply with § 11.10(a) when there was no request for the appointment of a guardian or attorney ad litem and there was no evidence which suggested a need for one. Both cases are readily distinguishable and offer no support for appellees' argument—an argument which we reject.

*Swearingen* was a divorce case which did not involve a termination of parental rights with its accompanying issues of constitutional dimensions. *Cf. Wiley v. Spratlan,* 543 S.W.2d 349 (Tex.1976) (termination of parental rights present issues of constitutional dimension). Thus, the permissive provisions of § 11.10(c) not the mandatory provisions of § 11.10(a) were applicable. *See Swearingen, supra* at 831.

The *Linan* case involved a "voluntary" termination proceeding where appellant, the child's adoptive father, unsuccessfully sought to have *his* parental rights terminated. The appellant in *Linan* attempted to raise the trial court's failure to appoint a guardian ad litem for the first time on motion for rehearing in the Court of Appeals after failing to seek leave to file an amended brief when the court raised the point during oral argument. The court noted that the adoptive mother, who was represented by an attorney for the Department of Human Resources, "vigorously questioned the appellant regarding his reasons for the termination and . . . the [termination's] ultimate effects . . . that the child

would be without a father and without the support which the trial court previously determined the child entitled to." After finding that the record failed to reflect that the child's interest was not adequately represented, the Court of Appeals found in support of the judgment that the trial court found that a party to the suit (the mother) adequately represented the child's interest and had no interests adverse to the child.[1]

*Linan* then presented a situation where one parent was trying to terminate his own parental rights while the other parent was trying to prevent it. Thus, there was a party to the suit who could potentially represent the child's interests. These facts combined with the Court of Appeal's ability in *Linan* to recognize an implied finding to support the judgment distinguish *Linan* from the case at bar where one parent is trying to terminate the other's parental rights, a situation which necessarily requires each parent to litigate their own interests without regard to the childrens'; as a result, even if this Court had the ability in this case to recognize an implied finding to support the judgment, the facts would not permit it. *See Barfield v. State, supra* at 409.

Appellees also argue that the trial court's non-compliance with § 11.10(a) is harmless error. Whether we characterize this error as one in which the harmless error rule of Tex.R.Civ.P.Ann. 434 (Supp. 1983) does not apply because of its seriousness, Sheehan, *Harmless Error,* State Bar of Texas, Appellate Procedure in Texas, § 20.6 (2nd ed. 1979), or characterize this error as one in which the "mere showing of the error is prima facie proof" of prejudice under the rule, Calvert and Perin, *Is the Castle Crumbling? Harmless Error Revisited,* 20 S.Tex.L.J. 1 (1979), the same conclusion must be reached—the trial court's failure to comply with the mandatory requirements of § 11.10(a) is reversible error. *See Arnold v. Caillier, supra.* The issues in-

---

1. Although the Court did not specifically say whether findings of fact were filed, it is apparent from the opinion that they were not.

volved in the termination of parental rights action are of such a serious nature that the trial court's error cannot be treated in any other way. *See In the Interest of G.M.*, 596 S.W.2d 846 (Tex.1980) (involuntary termination of parental rights such drastic action proof of need therefore must be shown by clear and convincing evidence); *Wiley v. Spratlen, supra* (termination of parental rights present issues of constitutional dimension).

Since this case will undoubtedly be retried, it should also be pointed out that:

[w]e think it would be a rare situation where the trial court can properly find that an attorney or guardian ad litem is not needed when one parent is trying to terminate the other parent's parental rights. These cases by their very nature require the father and mother to litigate their personal interests. There is no party in this type of litigation whose primary duty is to protect the child's interests.

*Barfield v. White, supra.*

Because the trial court erred in failing to follow the mandate of § 11.10(a) of the Family Code, we reverse the judgment of the trial court and remand the cause for new trial.