NO. 07-03-0339-CV


 07-04-0041-CV 


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 23, 2006


 ______________________________



REGINALD S. Y. LEE, APPELLANT



V. 



JUSTIN HERSEY, TRAVIS J. HERSEY AND


THE FRANK J. HERSEY FAMILY TRUST, APPELLEES


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;



NO. 01-15,925-P; HONORABLE DENNIS WATSON, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Reginald S.Y. Lee appeals two turnover orders issued by the trial court. (1)
The trial court's Final Judgment Non Obstante Veredicto, which forms the basis of the
turnover orders, is the subject of an appeal before this court in cause number 07-03-00219-CV. In light of this court's February 23, 2006 opinion and judgment in that cause,
we reverse the trial court's turnover orders and vacate them in their entirety. 


 James T. Campbell

 Justice

 



1. ---
 --- 
 


oGridInCell/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0083-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
21, 2010

 



 

In the Interest of K.M.M. and E.J.G., Children

___________________________

 

FROM THE 100TH DISTRICT COURT OF CARSON
COUNTY;

 

NO. 10,341; HONORABLE STUART MESSER,
PRESIDING

 



 

Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Santiago
Jimmy Montoya (Jimmy) challenges the legal and factual sufficiency of the
evidence underlying the decision to terminate the parental relationship between
him and E.J.G.  He also complains of the
failure of the trial court to appoint an attorney ad litem or amicus attorney
for the child.  We address only the latter
issue for it is dispositive of the appeal, and upon addressing it, reverse the
judgment.     

 Section 107.021 of the
Texas Family Code states that:

[i]n
a suit requesting termination of the parent-child relationship that is not filed
by a governmental entity, the court shall, unless the court finds that the
interests of the child will be represented adequately by a party to the suit
whose interests are not in conflict with the childs interests, appoint one of
the following:

 

(1)  an amicus attorney; or

 

(2)  an attorney ad litem.

Tex. Fam. Code Ann. §107.021(a-1) (Vernon  2008).   

            Katrina alleged in her second
amended petition for divorce (through which document she also sought
termination of the parent-child relationship) that she could adequately
represent the interests of E.J.G. and that her interests did not conflict with those
of the child.  Jimmy generally denied the
allegations contained in that amended petition but also averred that he was the
presumed father of the youth and that the boy should be appointed a guardian ad
litem.  Upon
searching the record, we found no order appointing the child either a guardian
ad litem, an amicus attorney, or an attorney ad litem.  Furthermore,
neither parent suggested that any such appointment was made.  

            Also missing from the record is any
finding that Katrina would or could adequately represent E.J.G.  The latter is problematic because without
such a finding, the appointment of either an amicus attorney or attorney ad litem was mandatory.   See In
re M.D.S., 1 S.W.3d 190, 195 (Tex. App.Amarillo 1999, no pet.) (discussing
a prior version of §107.021(a-1) of the Family Code with similar language); see also In the Interest of R.J.C., No.
04-09-0106-CV, 2010 Tex. App. Lexis 1686
at *8-9 (Tex. App.San Antonio March 10, 2010, no pet.) (discussing
§107.021(a-1)).  Indeed, it has been
recognized that where parents are adversaries in a suit to terminate one
parents rights, the trial court can seldom find that one party adequately
represents the interests of the children involved or that their interests are
not adverse.  In re M.D.S., 1 S.W.3d at 195 n.2; Barfield v. White, 647 S.W.2d 407, 409
(Tex. App.Austin 1983, no writ). 
Moreover, the failure to
abide by §107.021 may be raised for the first time on appeal.  Turner
v. Lutz, 654 S.W.2d 57, 58 (Tex. App.Austin 1983, no writ) (discussing
former §11.10 of the Family Code, a provision containing similar language); Arnold v. Caillier,
628 S.W.2d 468, 469-70 (Tex. App.Beaumont 1981, no writ) (discussing the
same).  

            Katrina nonetheless urges us to imply
that the trial court made the requisite finding and concluded that a home study
conducted before the court terminated Jimmys parental rights constituted the
appointment of a disinterested party to represent E.J.G.  Yet, we can do neither.  Because no specific finding entered by the
trial court encompassed an element of whether Katrina could adequately
represent E.J.G., no finding may be implied on the matter.  Turner
v. Lutz, 654 S.W.2d at 58.  Furthermore, the legislature mandated the
appointment of an attorney unless the requisite finding was made.  That mandate said nothing about a home study being
sufficient, and we care not to rewrite the statute ourselves.  So too do the duties of an attorney ad litem or amicus lend further basis for rejecting Katrinas
argument.  They include the obligation to
participate in the conduct of the litigation to the same extent as an attorney
for a party.  Tex. Fam. Code Ann. §107.003 (1) (F) (Vernon  2008). 
Nothing of record illustrates that the entity conducting the home study at
bar had or was granted such authority or opportunity.

            Simply put, the failure to comply
with §107.021 is error that cannot be treated as harmless due to the serious
nature of the proceedings involved.  In re M.D.S., 1 S.W.3d at
195.  Accordingly, we reverse that
portion of the final judgment that orders the termination of the parental
relationship between E.J.G. and Santiago Jimmy Montoya and remand it for a new
trial.[1]  The remainder of the final judgment is
affirmed.

 

                                                                                                Brian
Quinn

                                                                                                Chief
Justice 

 

               











[1]
To the extent that Katrina questions Jimmys standing to seek the adjudication
of himself as a parent because she alleged he was not, we note that he averred
in answer to her petition that he was the presumed father.  More importantly, in granting the spouses a
divorce, the trial court found that two children were born to the marriage, one
of whom was E.J.G.  No one attacked that
fact finding in the divorce decree.  And,
no one can reasonably dispute that a biological father generally has standing
to intervene in an effort to terminate the parent-child relationship between
him and his children.  See Tex. Fam. Code Ann. §102.003(a)(1) (Vernon 2008) (stating that the parent of a child has
standing to file a petition in a suit affecting the parent-child relationship);
Tex. Fam. Code Ann. §101.024(a)
(stating that a parent includes a man adjudicated to be the father).