NO. 07-10-0083-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 21, 2010

In the Interest of K.M.M. and E.J.G., Children

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 10,341; HONORABLE STUART MESSER, PRESIDING

*Opinion*

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Santiago Jimmy Montoya (Jimmy) challenges the legal and factual sufficiency of the evidence underlying the decision to terminate the parental relationship between him and E.J.G. He also complains of the failure of the trial court to appoint an attorney ad litem or amicus attorney for the child. We address only the latter issue for it is dispositive of the appeal, and upon addressing it, reverse the judgment.

Section 107.021 of the Texas Family Code states that:

[i]n a suit requesting termination of the parent-child relationship that is not filed by a governmental entity, the court shall, unless the court finds that the interests of the child will be represented adequately by a party to the suit whose interests are not in conflict with the child's interests, appoint one of the following:

(1) an amicus attorney; or

(2) an attorney ad litem.

TEX. FAM. CODE ANN. §107.021(a-1) (Vernon 2008).

Katrina alleged in her second amended petition for divorce (through which document she also sought termination of the parent-child relationship) that she could adequately represent the interests of E.J.G. and that her interests did not conflict with those of the child. Jimmy generally denied the allegations contained in that amended petition but also averred that he was the presumed father of the youth and that the boy should be appointed a guardian ad litem. Upon searching the record, we found no order appointing the child either a guardian ad litem, an amicus attorney, or an attorney ad litem. Furthermore, neither parent suggested that any such appointment was made.

Also missing from the record is any finding that Katrina would or could adequately represent E.J.G. The latter is problematic because without such a finding, the appointment of either an amicus attorney or attorney ad litem was mandatory. *See In re M.D.S.,* 1 S.W.3d 190, 195 (Tex. App.–Amarillo 1999, no pet.) (discussing a prior version of §107.021(a-1) of the Family Code with similar language); *see also In the Interest of R.J.C.,* No. 04-09-0106-CV, 2010 Tex. App. LEXIS 1686 at *8-9 (Tex. App.– San Antonio March 10, 2010, no pet.) (discussing §107.021(a-1)). Indeed, it has been recognized that where parents are adversaries in a suit to terminate one parent's rights, the trial court can seldom find that one party adequately represents the interests of the children involved or that their interests are not adverse. *In re M.D.S.,* 1 S.W.3d at 195 n.2; *Barfield v. White,* 647 S.W.2d 407, 409 (Tex. App.–Austin 1983, no writ).

2

Moreover, the failure to abide by §107.021 may be raised for the first time on appeal. *Turner v. Lutz,* 654 S.W.2d 57, 58 (Tex. App.–Austin 1983, no writ) (discussing former §11.10 of the Family Code, a provision containing similar language); *Arnold v. Caillier,* 628 S.W.2d 468, 469-70 (Tex. App.–Beaumont 1981, no writ) (discussing the same).

Katrina nonetheless urges us to imply that the trial court made the requisite finding and concluded that a home study conducted before the court terminated Jimmy's parental rights constituted the appointment of a disinterested party to represent E.J.G. Yet, we can do neither. Because no specific finding entered by the trial court encompassed an element of whether Katrina could adequately represent E.J.G., no finding may be implied on the matter. *Turner v. Lutz,* 654 S.W.2d at 58. Furthermore, the legislature mandated the appointment of an attorney unless the requisite finding was made. That mandate said nothing about a home study being sufficient, and we care not to rewrite the statute ourselves. So too do the duties of an attorney ad litem or amicus lend further basis for rejecting Katrina's argument. They include the obligation to participate in the conduct of the litigation to the same extent as an attorney for a party. TEX. FAM. CODE ANN. §107.003 (1) (F) (Vernon 2008). Nothing of record illustrates that the entity conducting the home study at bar had or was granted such authority or opportunity.

Simply put, the failure to comply with §107.021 is error that cannot be treated as harmless due to the serious nature of the proceedings involved. *In re M.D.S.,* 1 S.W.3d at 195. Accordingly, we reverse that portion of the final judgment that orders the

termination of the parental relationship between E.J.G. and Santiago Jimmy Montoya

and remand it for a new trial.[1]  The remainder of the final judgment is affirmed.


Brian Quinn
Chief Justice

---

[1] To the extent that Katrina questions Jimmy's standing to seek the adjudication of himself as a parent because she alleged he was not, we note that he averred in answer to her petition that he was the "presumed" father.  More importantly, in granting the spouses a divorce, the trial court found that two children were born to the marriage, one of whom was E.J.G.  No one attacked that fact finding in the divorce decree.  And, no one can reasonably dispute that a biological father generally has standing to intervene in an effort to terminate the parent-child relationship between him and his children.  See TEX. FAM. CODE ANN. §102.003(a)(1) (Vernon 2008) (stating that the parent of a child has standing to file a petition in a suit affecting the parent-child relationship); TEX. FAM. CODE ANN. §101.024(a) (stating that a parent includes a man adjudicated to be the father).

4