

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00389-CV

Lana Marie **BEVERING**, as Next Friend of C.A.B., a Minor,
Appellant

v.

Joseph Guy **BEVERING**, Deceased,
by and through his Independent Executrix, Debra Elaine Bevering,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-17017
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  March 13, 2013

AFFIRMED

On August 22, 1997, forty-six days after giving birth to her child, C.A.B., Lana Bevering obtained a divorce from Joseph Bevering.  In addition to granting a divorce, the decree ordered no child support payments, terminated Joseph's parental rights, and specifically terminated C.A.B.'s inheritance rights from Joseph.  Nearly fourteen years later, Lana, as next friend of C.A.B.,[1] brought an equitable bill of review to set aside the decree as to the child support and

---

[1] Although we recognize that Lana is acting in her capacity as next friend of C.A.B., the opinion will refer to Lana as the appellant for ease of reference.

termination issues. The trial court dismissed Lana's equitable bill of review, and she now appeals. Because we conclude Lana failed to make out a prima facie meritorious defense, we affirm the trial court's order.

## BACKGROUND

Lana and Joseph were married on May 7, 1994, and Joseph initially filed a petition for divorce on February 29, 1996. While the divorce proceeding was pending, Lana and Joseph reconciled and had a child, C.A.B., who was born on July 8, 1997.

On August 22, 1997, Lana filed an original counter-petition for divorce and for termination of parental rights, and Joseph signed an affidavit of relinquishment of parental rights. In her counter-petition, Lana requested the court to waive the appointment of an ad litem and to find that Lana represented C.A.B.'s best interest. The final decree of divorce, which also was signed on August 22, 1997, states, "The parties have consented to the terms of this decree and stipulated that the provisions for division of assets and liabilities are contractual." In the decree, the trial court found that termination of the parent-child relationship between Joseph and C.A.B. was in C.A.B.'s best interest. The court further found by clear and convincing evidence that Lana represented C.A.B.'s best interest. Finally, the decree terminated C.A.B.'s right to inherit from and through Joseph. Both Lana and Joseph were represented by counsel in connection with the divorce proceeding, and the decree recites that the making of a record of the testimony was waived.

On February 19, 2010, Joseph died, and his wife, Debra Elaine Bevering, was named as independent executrix of his estate. On October 20, 2011, Lana filed an original petition for equitable bill of review as C.A.B.'s next friend, requesting that the divorce decree be set aside as to the termination of parental rights, termination of inheritance rights, and payment of child support. An amended petition was filed on May 4, 2012, seeking the same relief.

On May 11, 2012, Lana filed a motion for summary judgment as C.A.B.'s next friend. The motion asserted that a guardian ad litem was required to be appointed to represent C.A.B.'s best interest in the 1997 divorce proceeding because Lana could not protect C.A.B.'s interest given her "state of extreme emotional distress." The motion argued, "The child's interest in maintaining the parent-child relationship with his father extends far beyond mere financial support and includes the right to a relationship with his father, the avoidance of the social stigma imposed on those burdened by their status of illegitimacy and the right to inherit. Those interests directly conflict with the mother's overwhelming anger and desire to rid herself of a husband who had no desire to fulfill his duties as a father and set the final divorce hearing 46 days after the birth of his child."

Lana's affidavit was attached to the motion as summary judgment evidence. Lana stated in her affidavit that she and Joseph reconciled after Joseph initially filed for divorce and C.A.B. was conceived during their reconciliation. Lana admitted that she sought to terminate Joseph's parental rights. Lana stated that she attended the final hearing on the divorce 46 days after she gave birth to C.A.B. and that no one requested a guardian ad litem to represent C.A.B.'s best interests. Finally, Lana stated that she was "looking after [her] own interests, just as [Joseph] was looking after his own interests."

On May 25, 2012, Debra filed a motion to dismiss the bill of review.[2] The motion asserted the bill of review should be dismissed because: (1) the petition failed to present prima facie proof to support the requisite elements of an equitable bill of review; (2) Lana could have filed a motion for new trial or appealed from the original divorce decree; and (3) laches should bar the equitable proceeding filed over thirteen years after the agreed decree was signed. Lana

---

[2] Although we recognize that Debra is acting in her capacity as independent executrix of Joseph's estate, the opinion will refer to Debra as the appellee for ease of reference.

responded that the motion to dismiss should be denied because no guardian ad litem was appointed to represent C.A.B. during the divorce/termination proceeding. Lana attached her motion for summary judgment to her response. After a hearing, the trial court granted the motion to dismiss.

## EQUITABLE BILL OF REVIEW PRETRIAL PROCEDURE

A bill of review is an equitable proceeding brought by a party seeking to set aside a judgment that no longer can be challenged by a motion for new trial or by direct appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *In re A.A.S.*, 367 S.W.3d 905, 908 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In order to invoke the equitable powers of the court, the bill of review petitioner must file a petition. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979). The petitioner ordinarily must plead and prove: (1) a meritorious defense to the underlying claim; (2) which the petitioner was prevented from making by the fraud, accident, or wrongful act of his opponent or by official mistake; and (3) unmixed with any fault or negligence of his own. *Caldwell*, 154 S.W.3d at 96; *In re A.A.S.*, 367 S.W.3d at 908.

With regard to the meritorious defense requirement, the petition must allege, "with particularity, sworn facts sufficient to constitute [a meritorious] defense and, as a pretrial matter, present prima facie proof to support the contention." *Baker*, 582 S.W.2d at 408; *see also Elliott v. Elliott*, 21 S.W.3d 913, 916–17 (Tex. App.—Fort Worth 2000, pet. denied). "This preliminary showing is essential in order to assure the court that valuable resources will not be wasted by conducting a spurious 'full-blown' examination of the merits." *Baker*, 582 S.W.2d at 408; *see also Elliott*, 21 S.W.3d at 917. "[A] prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered." *Baker*, 582 S.W.2d at 408–09; *see also Elliott*, 21 S.W.3d at 917. "This is a question of law for the court." *Baker*, 582

S.W.2d at 409; *see also Elliott*, 21 S.W.3d at 917. "Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence as the trial court may receive in its discretion." *Baker*, 582 S.W.2d at 409. "The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination." *Id.* "If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case." *Baker*, 582 S.W.2d at 409; *see also Elliott*, 21 S.W.3d at 917. "[I]f a prima facie meritorious defense [is] shown, the court will [then] conduct a trial on the bill of review petition" where the other bill of review elements will be considered. *Baker*, 582 S.W.3d at 409; *see also Jones v. Tex. Dept. of Protective & Regulatory Servs.*, 85 S.W.3d 483, 488 (Tex. App.—Austin 2002, pet. denied).

This procedure is important in determining what issues this court can consider in this appeal. Since the trial court dismissed the bill of review petition after the pretrial hearing, the only issue considered by the trial court, and the only issue this court may consider, is whether a prima facie meritorious defense was made out. *See Beck v. Beck*, 771 S.W.2d 141, 142 (Tex. 1989) (holding appellate court erred in considering issue other than whether the petitioner presented prima facie proof of a meritorious defense). Also, although the appellee's brief refers to an abuse of discretion standard of review, that standard applies only after a trial on the bill of review petition, not to a pretrial dismissal. *See Gardner v. LeGrand*, No. 12-11-00290-CV, 2012 WL 2848768, at *1 (Tex. App.—Tyler July 11, 2012, no pet.); *Ramsey v. State*, 249 S.W.3d 568, 574 (Tex. App.—Waco 2008, no pet.)

**MERITORIOUS DEFENSE**

The petition in the instant case alleges the failure to appoint a guardian ad litem to represent C.A.B. in the underlying divorce proceeding as a meritorious defense. At the time of the underlying divorce proceeding, the Texas Family Code required, in pertinent part, that a trial court appoint a guardian ad litem to represent the interests of a child in a suit in which the termination of the parent-child relationship was requested, unless the court found "that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party." Act of May 25, 1995, 74th Leg., R.S., ch. 751, § 15, 1995 Tex. Gen. Laws 3893. The appointment was to be made "immediately after the filing of the petition but before the full adversary hearing to ensure adequate representation." *Id.*

The appellant's brief first asserts that two separate, express findings were required to be made: (1) the interest of the child will be adequately represented by a party to the suit; **and** (2) the interests of the child are not adverse to the party. Because the trial court in the instant case, however, made a specific finding that Lana adequately represented C.A.B.'s best interest, a finding that Lana's interests were not adverse to C.A.B.'s can be implied. *See* TEX. R. CIV. P. 299 (when one or more elements of a ground of recovery or defense is expressly found by the trial court, omitted unrequested elements may be implied); *In re J.F.C.*, 96 S.W.3d 256, 273–75 (Tex. 2002) (holding omitted finding can be deemed or implied in parental termination case); *Cervantes-Peterson v. Tex. Dept. of Family & Protective Servs.*, 221 S.W.3d 244, 252 n.9 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting any number of implied findings of fact may support a trial court's parental termination order); *cf. In re K.M.M.*, 326 S.W.3d 714, 715 (Tex. App.—Amarillo 2010, no pet.) (holding no finding could be implied where no specific finding entered by the trial court encompassed an element of whether the mother could adequately represent the child).

During oral argument, Lana's attorney argued that the finding that Lana's interests were not adverse to C.A.B.'s could not be implied, citing *Turner v. Lutz*, 654 S.W.2d 57, 58–59 (Tex. App.—Austin 1983, no writ). In *Turner*, however, the Austin court was precluded from making implied findings because the appellant requested findings of fact and the trial court made no express finding which could be construed as being an element related to the adequacy of the children's representation. 654 S.W.2d at 58–59. The Austin court noted that the trial court's express findings could not be extended by implication to cover further independent facts. *Id.* at 58. Although the Austin court questioned whether it would be willing to imply findings in the context of a parental termination case, we note that the Austin court's decision preceded the Texas Supreme Court's decision in *In re J.F.C.* In *In re J.F.C.*, the jury charge required the jury to find a statutory ground for termination, but omitted the requirement that the jury also find that termination was in the child's best interest, which was "a statutorily prescribed element for parental termination." 96 S.W.3d at 262. The Texas Supreme Court held that the omitted finding could be deemed or implied. *Id.* at 273–75. Moreover, several cases have indicated that a finding that the party can adequately represent the child's best interest is sufficient by itself to satisfy the statute. *See Nichols v. Nichols*, 803 S.W.2d 484, 485 (Tex. App.—El Paso 1991, no pet.) (noting trial court was required to find "that the interests of the child would be adequately represented by a party to the suit"); *In re D.E.W.*, 654 S.W.2d 33, 35 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.) (noting finding that interests of child could be adequately represented by mother satisfied statute). Finally, a finding that Lana represented C.A.B.'s best interests would appear to directly contradict a finding that Lana's interests were adverse to C.A.B. In other words, if their interests were adverse, Lana could not represent C.A.B.'s best interests. As previously noted, the parties waived a making of the record of the testimony introduced during the divorce/termination proceeding; therefore, we must presume the evidence supported the trial

court's finding that Lana represented C.A.B.'s best interests, which necessarily encompasses the implicit finding that Lana's interests were not adverse to C.A.B.

In her brief, Lana also appears to argue that the requisite findings could not have been supported by the record. Lana cites three cases in support of this contention.

A.    *Nichols v. Nichols*

In the first case cited in Lana's brief, the trial court signed a default judgment terminating the father's parental rights. *Nichols v. Nichols*, 803 S.W.2d 484, 485 (Tex. App.—El Paso 1991, no pet.). The trial court later denied the mother's motion for new trial, and the mother appealed. *Id*.

The appellate court noted that the trial court was required to find "that the interests of the child would be adequately represented by a party to the suit." *Id*. The court noted, however, that no such finding was made by the trial court. *Id*. Moreover, the court noted that no such finding could have been made under the facts of the case since the mother did not answer or make an appearance. *Id*. The court further asserted that even if the mother had appeared, she could not likely represent both her own and the child's interest in a suit in which the father was seeking to terminate his relationship. *Id*.

B.    *Barfield v. White*

In the second case cited in Lana's brief, the mother sought to terminate the father's parental rights for failing to contribute to the child's support. *Barfield v. White*, 647 S.W.2d 407, 408 (Tex. App.—Austin 1983, no pet.). The mother sought the termination so that her new husband could adopt the child. *Id*. The father subsequently appealed the termination order. *Id*.

The appellate court noted that the trial court failed to make the requisite statutory finding. *Id*. at 409. The appellate court further noted that if an inadequate post-judgment finding could be considered sufficient, it could not "accept the trial court's determination that the interests of this

five-year-old child were adequately represented when both parties were strongly advocating their own interests." *Id*. The appellate court described the parties as being "very partisan" and the mother as being interested in removing the legal barrier to the adoption by her new husband. *Id*. Noting the drastic nature of an "involuntary termination of parental rights," the court asserted:

> We think it would be a rare situation where the trial court can properly find that an attorney or guardian ad litem is not needed when one parent is trying to terminate the other parent's parental rights. These cases by their very nature require the father and mother to litigate their personal interests. There is no party in this type of litigation whose primary duty is to protect the child's interests.

*Id*.

C.    *Arnold v. Caillier*

In the final case cited in Lana's brief, the mother also sought to terminate the father's parental rights to their six-year-old daughter based on his willful failure to support the child. *Arnold v. Caillier*, 628 S.W.2d 468, 468 (Tex. App.—Beaumont 1981, no pet.). The trial court did not appoint a guardian ad litem to represent the minor child nor did it make the requisite statutory finding. *Id*. at 469. The father filed a direct appeal of the order. *Id*. at 468.

The appellate court noted, "The parties were, as is customary in such litigation, very partisan and the mother was interested in removing the legal barrier to the adoption of the child by her husband." *Id*. at 469. The court further asserted, "The father and the mother, the latter aided by her husband, were busily litigating their personal interests, i.e., their personal right to have the child present in their respective homes; in the meanwhile, there was no one present whose primary obligation was to protect the child's rights then being litigated." *Id*. at 470.

D.    *Factual Distinctions between Instant Case and Cited Cases*

Each of the cited cases is distinguishable from the instant case for several reasons. First and foremost, unlike the express finding made in the instant case that Lana represented C.A.B.'s best interest, the trial court in each of the cited cases made **no** express finding relating to the

adequacy of the child's representation. Although the courts stated in dicta reasons why the record might not have supported such a finding even if the finding had been made, the termination in each of the foregoing cases was opposed, unlike the consensual termination sought in the instant case. At the time of the divorce/termination, the applicable statute required an appointment to be made only before a "full adversarial hearing" which existed (or would have existed absent a default) in the cited cases, but no "full adversarial hearing" occurred in the instant case because the decree was consensual.

E.      *In re D.E.W.*

Unlike the three cases cited in appellant's brief, in *In the Interest of D.E.W.*, 654 S.W.2d 33 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.), the Fort Worth court addressed a factual situation similar to the one present in the instant case. Although the mother in *D.E.W.* also sought to terminate the father's parental rights to enable an adoption, the father in that case signed an affidavit of relinquishment of his rights. 654 S.W.2d at 34–35. The father testified that he read the affidavit and understood it before he signed it. *Id.* at 35. The trial court made a specific finding that the interests of the child could be adequately represented by the mother. *Id.* On appeal, the Fort Worth court concluded that the finding complied with the statute, and there was no showing that the court was in error in making the finding. *Id.*

**CONCLUSION**

As previously noted, the bill of review petitioner bears the burden to "present prima facie proof to support her contention." *Baker*, 582 S.W.2d at 408. In this case, Lana as C.A.B.'s next friend failed to present prima facie proof that the trial court was required to appoint a guardian ad litem given: (1) the consensual nature of the divorce proceeding; (2) Lana's request that the trial court not appoint a guardian ad litem; (3) the trial court's express finding that Lana was representing C.A.B.'s best interest; and (4) the waiver of the making of a record of the divorce

proceeding. Accordingly, the trial court properly dismissed the bill of review, and the trial court's order is affirmed.

Catherine Stone, Chief Justice