

**NUMBER 13-21-00144-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN THE INTEREST OF T.M.R., A CHILD**

**On appeal from the 36th District Court
of Bee County, Texas.**

## DISSENTING MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Dissenting Memorandum Opinion by Justice Hinojosa**

In private parental termination suits, the Texas Family Code mandates the appointment of an amicus attorney or an attorney ad litem for the child, unless the trial court finds that the child's interests will be adequately represented by a party to the suit, whose interests are not in conflict with the child's. TEX. FAM. CODE ANN. § 107.021(a-1). I believe that the record does not support the trial court's finding that "[R.A.[1]] and [J.J.A.]'s interests were not in conflict with the best interests of the child and the child's interests

---

[1] I refer to the parties as they are labeled by the majority.

are able to be adequately represented by [R.A.] and [J.J.A.]." Accordingly, I would hold that the trial court erred in failing to appoint an amicus or ad litem attorney for six-year-old T.M.R. and that this issue may be raised for the first time on appeal. Because the majority holds otherwise, I respectfully dissent.

## I.  PRESERVATION

The majority assumes, but does not decide, that a party may challenge the trial court's failure to appoint an amicus or ad litem attorney under § 107.021(a-1) for the first time on appeal. Most of our sister courts that have considered preservation under the statute have concluded that the issue may be raised for the first time on appeal. *See In re D.M.O.*, No. 04-17-00290-CV, 2018 WL 1402030, at *2 (Tex. App.—San Antonio Mar. 21, 2018, pet. denied) (mem. op.) (holding that the failure to make an appointment under § 107.021 may be raised for the first time on appeal); *In re K.M.M.*, 326 S.W.3d 714, 715 (Tex. App.—Amarillo 2010, no pet.) (same); *Turner v. Lutz*, 654 S.W.2d 57, 58 (Tex. App.—Austin 1983, no pet.) (same under the predecessor statute); *but see In re A.E.J.*, No. 05-20-00340-CV, 2020 WL 5107293, at *12 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.) (concluding that a trial court's failure to make an appointment under the statute is subject to error preservation rules). I do not believe that a *child's* entitlement to an amicus or ad litem attorney can be waived by a parent's failure to object to the error in the trial court. *See In re A.E.J.*, 2020 WL 5107293, at *14 (Burns, C.J., dissenting). Rather, "[g]iven the constitutional interests at stake in termination proceedings, the important role of amicus and ad litem attorneys in termination proceedings, and the mandatory nature of [§] 107.021(a–1), [I would] conclude a complaining party may raise a trial court's failure to appoint an attorney ad litem or amicus attorney when required by

2

[§] 107.021(a–1) for the first time on appeal." *In re D.M.O.*, 2018 WL 1402030, at *2.

## II.   ERROR

The provisions of § 107.021(a-1) are mandatory,[2] *In re M.D.S.*, 1 S.W.3d 190, 195 (Tex. App.—Amarillo 1999, no pet.) (discussing a prior version of the statute), reflecting "the unique adversarial nature of private termination proceedings[.]" *In re L.J.H.*, No. 05-21-00183-CV, 2021 WL 4260769, at *7 (Tex. App.—Dallas Sept. 20, 2021, no pet. h.) (mem. op.). "[W]here parents are adversaries in a suit to terminate one parent's rights, the trial court can seldom find that one party adequately represents the interests of the children involved or that their interests are not adverse." *In re K.M.M.*, 326 S.W.3d at 715; *see Chapman v. Chapman*, 852 S.W.2d 101, 102 (Tex. App.—Waco 1993, no writ) ("It would be a rare situation where the trial court could properly find that a guardian or attorney ad litem is not needed when one parent is trying to terminate the other parent's parental rights."). Rather, such a situation "necessarily requires each parent to litigate their own interests[.]" *Lutz*, 654 S.W.2d at 59. Such conflicts are even more notable when a parent is seeking to terminate another parent's rights so that the child may be adopted. *See Barfield v. White*, 647 S.W.2d 407, 409 (Tex. App.—Austin 1983, no writ) (explaining in private termination and adoption suit that "[t]here is no party in this type of litigation whose primary duty is to protect the child's interests"); *see also In re D.M.O.*, 2018 WL 1402030, at *4 (holding that the trial court abused its discretion in failing to appoint an

---

[2] The majority concludes that § 107.021(a-1) imposes no mandatory duty. I disagree. While § 107.021 is titled "Discretionary Appointments," subsection (a-1) concerning private termination proceedings uses the word "shall" in defining the trial court's duty. TEX. FAM. CODE ANN. § 107.021. The Code Construction Act states that that the use of "shall" normally imposes a mandatory requirement. *See* TEX. GOV'T CODE ANN. § 311.016(2); *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 392 (Tex. 2014). Further, the heading of a section "does not limit or expand the meaning of a statute." TEX. GOV'T CODE ANN. § 311.024.

3

amicus or ad litem attorney where mother sought to terminate father's parental rights so that her husband could adopt); *In re D.R.F.*, No. 11-98-00035-CV, 2000 WL 34234984, at *3 (Tex. App.—Eastland June 22, 2000, no pet.) (same where the managing conservator sought to terminate parental rights and filed an adoption petition); *Arnold v. Caillier*, 628 S.W.2d 468, 469–70 (Tex. App.—Beaumont 1981, no writ) (noting that mother was motivated to terminate father's parental rights so that her husband could adopt the child).

R.A., T.M.R.'s mother, and J.J.A., R.A.'s then-fiancé and current husband, filed a petition seeking to terminate the parental rights of J.R.R., the child's father, and for J.J.A. to adopt the child. At the termination hearing, J.R.R. testified that he wanted to maintain his parental rights and to be named a possessory conservator with supervised visitation. With these mutually exclusive options at issue, the parties primarily used the bench trial to litigate their own interests. Neither R.A. nor J.J.A. testified that they were pursuing the termination of J.R.R.'s parental rights because they believed that to be in the best interests of T.M.R. Much of the trial concerned the methamphetamine use and criminal history of both J.R.R. and R.A., including evidence that R.A. used methamphetamines while pregnant with T.M.R. An amicus or ad litem attorney would have been in a position to perform a truly independent assessment of both parents' conduct and its impact on T.M.R.'s best interests.[3] Without such an appointment, there was very little focus by the

---

[3] The role of an amicus or ad litem attorney is expansive:

(a) An attorney ad litem appointed to represent a child or an amicus attorney appointed to assist the court:
(1) shall:
(A) subject to Rules 4.02, 4.03, and 4.04, Texas Disciplinary Rules of Professional Conduct, and within a reasonable time after the appointment, interview:

parties as to whether T.M.R.'s best interests would be better served by having supervised visitation with J.R.R. as opposed to having no future relationship with J.R.R.

I do not believe this is the rare case where the trial court could make the finding required by § 107.021(a-1). *See Chapman*, 852 S.W.2d at 102. Rather, I believe that the trial court could have only reasonably concluded that the appointment of an amicus or ad litem attorney was necessary based on the facts before it. *See Moroch v. Collins*, 174 S.W.3d 849, 864 (Tex. App.—Dallas 2005, pet. denied) ("With respect to factual matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision and it failed to do so." (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992))). Therefore, I would hold that the trial court abused its discretion in failing to appoint an amicus or attorney ad litem attorney for T.M.R. *See id*.

Due to the serious nature of parental termination proceedings and the important

---

(i) the child in a developmentally appropriate manner, if the child is four years of age or older;
(ii) each person who has significant knowledge of the child's history and condition, including any foster parent of the child; and
(iii) the parties to the suit;
(B) seek to elicit in a developmentally appropriate manner the child's expressed objectives of representation;
(C) consider the impact on the child in formulating the attorney's presentation of the child's expressed objectives of representation to the court;
(D) investigate the facts of the case to the extent the attorney considers appropriate;
(E) obtain and review copies of relevant records relating to the child as provided by Section 107.006;
(F) participate in the conduct of the litigation to the same extent as an attorney for a party;
(G) take any action consistent with the child's interests that the attorney considers necessary to expedite the proceedings;
(H) encourage settlement and the use of alternative forms of dispute resolution; and
(I) review and sign, or decline to sign, a proposed or agreed order affecting the child[.]

TEX. FAM. CODE ANN. § 107.003(a).

role of amicus and ad litem attorneys in assisting the trial court in making a best interest determination in contested termination suits, a trial court's failure to appoint such an attorney when required to do so "is error that cannot be treated as harmless." *In re K.M.M.*, 326 S.W.3d at 716; *see* TEX. FAM. CODE ANN. § 107.021(a-1).

For the foregoing reasons, I would sustain J.R.R.'s first issue, reverse the trial court's judgment, and remand for a new trial with instructions that the trial court appoint an ad litem or amicus attorney for T.M.R.

LETICIA HINOJOSA
Justice

Delivered and filed on the
28th day of October, 2021.

6