Carlene D. **NICHOLS**, Appellant,

v.

Scott W. **NICHOLS**, Appellee.

No. 08–90–00177–CV.

Court of Appeals of Texas, El Paso.

Jan. 30, 1991.

Clinton Cross, El Paso, for appellant.

Terry Pasqualone, Merkins, Hines & Pasqualone, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

OPINION

KOEHLER, Justice.

This is an appeal from a default judgment terminating the parent-child relationship between a father and his minor daughter, the mother having failed to answer and no guardian ad litem having been appointed to represent the child. We reverse and remand.

The record on appeal shows that the parties, Carlene D. Nichols, Appellant, and Scott W. Nichols, Appellee, were divorced by a decree signed on May 30, 1986. In that judgment, approved as to both form and substance by the parties, the court found that the parties were the parents of Amanda Rose Nichols, a female child born in Eustis, Florida on July 11, 1982, naming Appellant as managing conservator and Appellee as possessory conservator and setting child support at $300.00 per month. No appeal was taken from the judgment, but the record indicates, vaguely, that the court conducted several hearings on post-

decree motions, the exact nature of which is unrevealed.

Appellee filed his petition to terminate the parent-child relationship on November 22, 1989, alleging in effect that he was not the natural father of the child, that another man was believed to be the father and that "[v]oluntary termination of the parent-child relationship between ... [Appellant and the minor child] ... is in the best interest of the child, ...." The petition also requested the appointment of a guardian ad litem "to represent the interest of the child." Appellant was personally served with the suit papers on November 30, 1989 while at work.

On January 10, 1990, Appellant having failed to answer the petition, Appellee and his attorney appeared in court for the default hearing on the petition. No attorney ad litem was appointed and the case proceeded to trial. The trial court then heard Appellee's direct testimony, following which the judge conducted a "cross-examination" of Appellee in which, as he later observed, he asked "any number of questions that, in my opinion, would have been asked by an ad litem." Finding that a voluntary termination of the parent-child relationship was in the best interest of the minor, the court signed the default judgment terminating that relationship. Following a hearing, Appellant's Motion for New Trial was denied and it is from such denial that this appeal was taken.

Appellant, in three points, asserts that the court erred in failing to grant a new trial: first, because the appointment of an attorney ad litem to represent the child was mandatory in this case; second, because the Appellant established in the hearing that she was not consciously indifferent and she had a meritorious defense; and third, because there was either no or insufficient clear and convincing evidence to support the termination judgment. Since we have concluded that the failure of the court to appoint an ad litem to represent the interests of the child under the circumstances of this case was fundamental error requiring reversal, we will address only Appellant's first point.

The Family Code of Texas provides that either parent may file a petition requesting termination of the parent-child relationship with his or her child, but the petition is to be granted only if the court finds that the termination *is in the best interest of the child.* Tex.Fam.Code Ann. § 15.01 (Vernon 1986). As is the case with other sections of the Family Code dealing with minor children, the best interest of the child is the primary consideration. Section 11.10(a) of the Family Code provides:

In any suit in which termination of the parent-child relationship is sought, the court or a master shall appoint a guardian ad litem to represent the interests of the child, unless the child is a petitioner or unless an attorney ad litem has been appointed for the child or *unless the court or a master finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party.* (Emphasis ours, remainder of section omitted).

Since under the fact situation confronting us, the minor child was not a petitioner and no attorney ad litem had been appointed, it was mandatory for the court to appoint a guardian ad litem to represent the child unless the court found that the interests of the child would be adequately represented by a party to the suit. *Barfield v. White,* 647 S.W.2d 407, 408 (Tex.App.—Austin 1983, no writ); *Arnold v. Caillier,* 628 S.W.2d 468, 470 (Tex.App.—Beaumont 1981, no writ). No such finding was made by the court. Nor could such a finding have been made under the facts of this case.

Obviously, Appellee could not represent the child's interests since by seeking a termination of the relationship and his obligation to support her, his interests were clearly adverse to hers. Nor could the trial judge substitute himself for the guardian ad litem, as he implied, since his position was as an impartial fact finder, not as an advocate or a party to the suit. The only remaining possibility was the Appellant, the mother of the child, who although a party to the suit, had for whatever reason, failed to answer the petition or to make an

appearance. By her default and absence, she was not adequately representing and could not adequately represent her child's interests under the circumstances of this case. Even had Appellant made her appearance at the hearing, it is unlikely that she could adequately represent both her own interests and the interests of the child in a suit where the father was seeking to terminate his relationship with her, including his support obligation, his visitation rights and the right of the child to inherit from her father. *Arnold,* 628 S.W.2d at 469. There may be defenses which the child's ad litem would want to raise, such as *res judicata* of or collateral attack on the prior divorce decree that Appellant either could not or would not want to raise. Equally applicable to the instant case, the Commission of Appeals said many years ago in connection with a suit by a next of friend for a minor, "[a]nd where the interests of the minor and those of the next friend conflict, the next friend is not a competent person to represent the minor. [Citations omitted]." *Missouri–Kansas–Texas R. Co. of Texas v. Pluto,* 156 S.W.2d 265, 267 (Tex.Com.App.1941). "[The minor's] ... interests must, in good faith, be fully protected; he is *non sui juris* and altogether under the court's protection." *Id.,* 156 S.W.2d at 268.

The fact that Appellant failed to appear in a suit affecting the parent-child relationship after being properly served with process could in no way affect the rights of her child who was not served and as a minor, was unrepresented in the proceeding. To hold otherwise would be to ratify the stripping of substantial rights from the child without due process of law. See *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 84–85, 108 S.Ct. 896, 898–899, 99 L.Ed.2d 75, 80–81 (1988).

Point of Error No. One is sustained. Since the failure to observe the mandatory requirements of Section 11.10(a) requires a reversal and remand for new trial, it is unnecessary for us to consider Points of Error Nos. Two and Three.

Judgment of the trial court is reversed and the cause is remanded for new trial.