**Arms Spafard CHAPMAN, Appellant,**

v.

**Angela Renee Burton CHAPMAN,
Appellee.**

No. 10–92–278–CV.

Court of Appeals of Texas,
Waco.

April 21, 1993.

Brian Pollard, Baker, Hancock & Pollard, Waco, for appellant.

P.M. Johnston, Sleeper, Johnston, Helm & Fontaine, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

### OPINION

CUMMINGS, Justice.

Angela Chapman instituted this action to terminate Arms Chapman's parental rights with regard to their child, W.A., alleging that termination of the parent-child relationship was in the best interest of the child and that Arms had failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition.[1] In a non-jury trial, the court found that Arms (1) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months; and (2) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition. The court further found that termination of the parent-child relationship was in the best interest of the child. As a result of these findings, the court entered a decree of termination from which Arms now appeals. Because the court failed to appoint a guardian ad litem to represent the interests of the child, and because the interests of the child were not adequately represented by a party to the suit whose interests were not adverse to those of the child, we reverse the decree of termination.

In point six Arms contends that the court erred in failing to appoint a guardian ad litem to represent the child. Section 11.-10(a) of the Texas Family Code provides:

> (a) In any suit in which termination of the parent-child relationship is sought, the court or a master shall appoint a guardian ad litem to represent the interests of the child, unless the child is a petitioner or unless an attorney ad litem has been appointed for the child or unless the court or a master finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party.[2]

Angela argues that, because Arms failed to request findings of fact pursuant to Rule 296 of the Texas Rules of Civil Procedure, a finding "that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party" should be presumed in support

---

1. *See* TEX.FAM.CODE ANN. § 15.02(1)(F), (2) (Vernon Supp.1993).

2. TEX.FAM.CODE ANN. § 11.10(a) (Vernon 1986).

of the judgment.[3]  The mandatory finding required by section 11.10(a) is not, however, the type of finding contemplated by Rule 296, which applies to appellate review of a non-jury trial on the merits.[4]  Furthermore, the findings necessary to support the judgment in this case—a decree of termination—are the findings related to the best interest of the child and Arm's failure to support the child in accordance with his ability.  It is the failure to comply with a mandatory statute, not the absence of findings necessary to support the judgment, that requires reversal.[5]

The trial court in this case neither appointed a guardian ad litem nor found "that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party."  Nor could such a finding have been made under the facts of the case.[6]  Neither Arms nor Angela could adequately represent the interests of the child because each party was strongly advocating his or her own interests.[7]  It would be a rare situation where the trial court could properly find that a guardian or attorney ad litem is not needed when one parent is trying to terminate the other parent's parental rights.[8]  Because there was no party in this case whose primary duty was to protect the interests of the child, we sustain point of error six.

We reverse the judgment and remand the cause for a new trial.

---

**3.**  *But cf. Turner v. Lutz,* 654 S.W.2d 57, 59 (Tex.App.—Austin 1983, no writ) (indicating that, even if the appellant had not requested findings of fact, the court might not be inclined to hold that the trial court impliedly found the interests of the child were adequately represented).

**4.**  *See U.S. Fidelity and Guar. Co. v. Rossa,* 830 S.W.2d 668, 672 (Tex.App.—Waco 1992, writ denied), *cited with approval in Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex.1992).

**5.**  *See Arnold v. Caillier,* 628 S.W.2d 468, 470 (Tex.App.—Beaumont 1981, no writ).

**6.**  *See Nichols v. Nichols,* 803 S.W.2d 484, 485 (Tex.App.—El Paso 1991, no writ).

**7.**  *See Sisk v. Duck,* 593 S.W.2d 416, 417 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

**8.**  *See Barfield v. White,* 647 S.W.2d 407, 409 (Tex.App.—Austin 1983, no writ).