

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-17-00290-CV

In the Interest of **D.M.O.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-00385
Honorable Stephani A. Walsh, Judge Presiding

Opinion by:     Irene Rios, Justice
Dissenting Opinion by: Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed:  March 21, 2018

Section 107.021(a-1) of the Texas Family Code does not require the appointment of an attorney ad litem for a child in a termination suit filed by a private party when the trial court finds that the child's interest will be represented adequately by a party to the suit whose interest is not in conflict with the child's interest. TEX. FAM. CODE ANN. § 107.021(a-1) (West 2014). When the trial court does not appoint an attorney ad litem for the child in a private termination case but makes a finding under 107.021(a-1), we review that finding for an abuse of discretion. *In the Interest of C.A.P.*, No. 04-12-00553-CV, 2013 WL 749825, at *2 (Tex. App.—San Antonio Feb. 27, 2013, pet. denied); *In the Interest of A.C.W.*, No.12-11-00137-CV, 2012 WL 1379653, at *2 (Tex. App.—Tyler April 18, 2012, no pet.); *In the Interest of T.L.W.*, No. 12-10-00401-CV, 2012 WL 1142475, at *3 (Tex. App.—Tyler March 30, 2012, no pet.); *In the Interest of R.J.C.*, No. 04-

09-00106-CV, 2010 WL 816188, at *3 (Tex. App.—San Antonio March 10, 2010, no pet.). In this case, the trial court made the required finding under section 107.021(a-1). Specifically the trial court found that the child's mother "has no interest adverse to the child" and "adequately represents the interest of the child." The majority acknowledges that we must review the trial court's finding under section 107.021(a-1) for an abuse of discretion; however, the majority either fails to properly apply the abuse of discretion standard or abandons it altogether. Therefore, I must respectfully dissent.

In a similar case decided by this court, *C.A.P.*, the appellant argued on appeal that the Texas Family Code required the trial court to appoint an attorney ad litem for the child in a private termination suit. 2013 WL 749825, at *2. The trial court had not appointed an attorney ad litem, but, like the trial court in the present case, it had made a finding that the child's mother, who had brought the suit, had no interest adverse to the child and would adequately represent the child's interest. *Id*. In *C.A.P.*, we reviewed the evidence in the record to determine whether the trial court's finding was supported by some evidence. *Id*. At trial, the mother testified that she had filed the termination suit because her daughter had asked her to do so. *Id*. The mother also testified that the child did not want any more contact with her father, who had been convicted of sexual assault and indecency with a child by contact. *Id*. The convictions had arisen from the child's father sexually molesting her sister for a period of four years. *Id*. The mother further testified that her daughter was her "main concern" and that she was "looking out for her [daughter's] best interest." *Id*. We concluded that the record contained some evidence to support the trial court's finding under section 107.021(a-1), and therefore, held that the trial court did not abuse its discretion in not appointing an attorney ad litem for the child. *Id*.

A trial court abuses its discretion when it acts without reference to any guiding rules and principles or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court does not abuse its discretion with regard to factual matters if its decision is supported by *some* probative and substantive evidence. *In the Interest of M.C.M.*, No. 04-15-00565-CV, 2016 WL 3181574, at *2 (Tex. App.—San Antonio June 8, 2016, no pet.); *In the Interest of A.S.G.*, 345 S.W.3d 443, 449 (Tex. App.—San Antonio 2011, no pet.).

Therefore, to properly apply the abuse of discretion standard of review in this case, the majority should have considered the evidence in the record regarding whether the mother could adequately represent the child's interest. The evidence showed that the child was eleven years old[1] at the time of trial and had lived with his mother for his entire life. According to the mother's trial testimony, she had not withheld the child from the appellant and had tried to foster a relationship between the child and the appellant. The mother testified that the child had told her that he wanted the appellant's parental rights terminated and that he wanted to be adopted by his step-father. The mother also testified that the child was present on the day of trial and had expressed an interest in talking to the judge if she wanted to talk to him; that about a year and a half before trial, in November 2015, the child had told the appellant on the phone that he did not want to have a relationship with him because of broken promises and past hurts; that typically after talking to the appellant on the phone the child goes through a depression; that after these phone calls the mother and her husband talk to the child and console him; that the child is usually crying; that they have to ease the child's worries about the appellant possibly trying to take him away; that the child feels neglected and abused; and that the child goes through crying episodes and it takes him a few days to come around. The mother further testified that the appellant had failed to visit the child or to

---

[1]The child is now almost twelve years old.

send him any gifts or cards over the last two years and that the appellant had failed to initiate regular phone contact with the child. Finally, the mother testified that she believed that it was in the child's best interest for the appellant's parental rights to be terminated.

The mother's testimony amounted to *some* evidence to support the trial court's finding that the mother had no interest adverse to the child and could adequately represent the child's interest. *See C.A.P.*, 2013 WL 749825, at *2. In light of this evidence, the trial court could have found that by bringing the termination suit the mother was simply honoring the child's wishes to have the appellant's rights terminated and to be adopted by his step-father. Additionally, the trial court could have found that the mother was trying to protect the child from the emotional turmoil the child experienced based on his relationship with the appellant. While there was evidence that the mother had told a social worker that the child's adoption by his step-father would make the family complete, this evidence[2] did not preclude the trial court from finding that the mother had no interest adverse to the child and could adequately represent the child's interest. The trial court could have relied on the other evidence in the record to find that the child's interest was represented adequately by the mother and that the mother's interest was not in conflict with the child's interest. "A trial court does not abuse its discretion if it bases its decision on conflicting evidence, and a permissible view of some evidence supports its decision." *A.S.G.*, 345 S.W.3d at 449.

Although the majority acknowledges that this court reviews a finding under section 107.021(a-1) for an abuse of discretion, it does not properly apply the abuse of discretion standard to the evidence in this case. In its analysis, the majority states that, unlike the parents whose rights were terminated in *C.A.P.* and *R.J.C.*, here there was "no evidence [the appellant] engaged in violent or physically abusive behavior, has been incarcerated, or has otherwise engaged in contact

---

[2]Specifically, the social worker's adoption evaluation report said that the mother stated that "she feels that the adoption would make the family complete and would bring a special joy into their lives."

endangering the child." The majority also asserts that the record in this case does not contain *any* evidence that would have allowed the trial court to find that the mother adequately represented the child's interests. The majority's analysis is flawed. The fact that the appellant's conduct was not as egregious as the conduct of the parents whose rights were terminated in *C.A.P.* and *R.J.C.* is irrelevant. Furthermore, the majority wholly ignores the evidence that supports the trial court's finding—the mother's testimony that (1) the child had told her that he wanted the appellant's parental rights to be terminated, (2) the child had told the appellant that he did not want a relationship with him, and (3) the child's relationship with the appellant had caused the child substantial emotional turmoil.

The majority's analysis is clouded by dicta from cases decided by other Texas appellate courts. Most of these cases are distinguishable from the present case because the trial court did not make the required finding. *See Chapman v. Chapman*, 852 S.W.2d 101, 102 (Tex. App.—Waco 1993, no writ); *Nichols v. Nichols*, 803 S.W.2d 484, 485 (Tex. App.—El Paso 1991, no writ); *Turner v. Lutz*, 654 S.W.2d 57, 58 (Tex. App.—Austin 1983, no writ); *Arnold v. Callier*, 628 S.W.2d 468, 470 (Tex. App.—Beaumont 1981, no writ). In *Chapman*, *Nichols*, *Turner*, and *Arnold*, the appellate courts held that the trial court erred in failing to appoint an attorney ad litem or to make the required finding, and they reversed the termination judgment on that basis. *Chapman*, 852 S.W.2d at 102; *Nichols*, 803 S.W.2d at 485; *Turner*, 654 S.W.2d at 58-59; *Arnold*, 628 S.W.2d at 470. However, in each of these cases, the appellate courts also expressed their belief that a parent who brings a private termination suit against the child's other parent has a personal interest in the case that precludes her from adequately representing the child's interest. *See Chapman*, 852 S.W.2d at 102; *Nichols*, 803 S.W.2d at 485; *Turner*, 654 S.W.2d at 60; *Arnold*, 628 S.W.2d at 470. Thus, the majority relies on cases from other Texas appellate courts that state, in

dicta, that a parent who brings a private termination case cannot adequately represent the child's interest. *Bevering v. Bevering*, 401 S.W.3d 293, 297-300 (Tex. App.—San Antonio 2013, pet. denied) (distinguishing *Nichols* and *Arnold* on the basis that the trial court made no express finding that a party represented the child's interests, and noting that these cases "stated in dicta reasons why the record might not have supported such a finding even if the finding had been made.").

Here, rather than applying the abuse of discretion standard to the evidence in the record that supports the trial court's finding, the majority appears to have adopted a per se rule that when a parent brings a termination suit against the child's other parent and the suit is contested, the trial court must appoint an attorney ad litem for the child. The majority's analysis is contrary to section 107.021(a-1) and this court's precedent. *See C.A.P.*, 2013 WL 749825, at *2. This court has reversed a termination judgment when the trial court both failed to appoint an attorney ad litem and to make the required finding. *See Gaitan v. Blevins*, No. 04-95-00070-CV, 1996 WL 165529, at *3 (Tex. App.—San Antonio 1996, no writ) (not designated for publication). However, this court has never applied a per se rule and automatically reversed a termination judgment when the trial court complies with the statute and makes the finding required under section 107.021(a-1). *See C.A.P.*, 2013 WL 749825, at *2; *R.J.C.*, 2010 WL 816188, at *3. Instead, when the trial court makes the required finding, we have—in keeping with the abuse of discretion standard—examined the record to determine whether there was some evidence to support the trial court's finding. *See C.A.P.*, 2013 WL 749825, at *2. And—as is proper under the abuse of discretion standard—when there was some evidence in the record to support the trial court's finding, we have overruled the appellant's complaint. *See id*.

Had the majority actually considered the evidence in this case, it would have reached the conclusion that the trial court's finding under section 107.021(a-1) is supported by some evidence.

Because the trial court's finding is supported by some evidence, I would hold that it did not abuse its discretion and would overrule the issue sustained by the majority.

As to the other issues presented in the appellant's brief, the majority holds, and I agree, the evidence in this case is legally sufficient to support the trial court's finding that termination was in the child's best interest. Additionally, I would hold that the evidence is factually sufficient to support the trial court's finding that termination was in the child's best interest. Furthermore, I would hold that the trial court was not required to admonish the appellant of the risks associated with self-representation. *See In the Interest of C.L.S.*, 403 S.W.3d 15, 23 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (Brown, J., dissenting) (recognizing that no Texas statute or constitutional provision mandates the appointment of counsel in private litigation between two parents, and therefore, a trial court cannot err by failing to obtain a voluntary and knowing waiver of the right to counsel from a pro se respondent in a private termination suit). Finally, I would hold that the appellant's remaining issues were not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a) (providing that as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court and a ruling was obtained). Thus, I would overrule all of the appellant's issues and affirm the trial court's judgment. Because the majority does otherwise, I respectfully dissent.

Karen Angelini, Justice