

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-23-00381-CV

---

IN THE INTEREST OF J.C. AND J.C., CHILDREN

---

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-604821-16

---

Before Sudderth, C.J.; Bassel and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellee Father filed a petition to terminate Appellant Mother's parental rights to her children J.C. and J.C.[1] Following a bench trial, the trial court signed an order terminating Mother's parental rights. In this ultra-accelerated appeal,[2] Mother, acting pro se, contends that the trial court erred by, among other things, allowing the trial to proceed without an attorney ad litem or amicus attorney for the children.[3] We reverse the trial court's order terminating Mother's parental rights and remand this case to the trial court for a new trial.

## I. BACKGROUND

In September 2016, the Office of the Attorney General filed a petition initiating this suit affecting the parent–child relationship (SAPCR). In March 2017, Father filed his original counterpetition alleging that Mother "has a history or pattern of committing family violence" and requesting that he be named sole managing

---

[1]We refer to the children by their initials and to other family members by their relationship to the children. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]*See* Tex. R. Jud. Admin. 6.2(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (requiring appellate court to dispose of appeal from judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[3]Father did not file an appellate brief. Thus, we may accept any factual statements made in Mother's brief as true. *See* Tex. R. App. P. 38.1(g); *Nellis v. Haynie*, 596 S.W.3d 920, 922 n.2 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

conservator. In May 2017, the trial court signed an order appointing Mother and Father as joint managing conservators.

In August 2022, Father filed his First Amended Counterpetition to Modify and Terminate the Parent–Child Relationship. In this pleading, Father sought the termination of Mother's parental rights to J.C. and J.C.; alternatively asked to be appointed as the children's sole managing conservator; and requested that the trial court make temporary orders, among other things, limiting Mother's possession of the children and requiring her to undergo a psychological evaluation and to attend a parent-education and family-stabilization course.

In September 2022, an associate judge held a hearing on the relief requested by Father and found that Mother's unsupervised possession of the children would significantly impair their physical health or emotional well-being. In November 2022, the associate judge signed temporary orders appointing Father as the children's temporary sole managing conservator and granting Mother, who was appointed as a temporary possessory conservator, limited supervised visitation rights.

In May 2023, Mother and Father filed an agreed motion for the appointment of an amicus attorney for the children. Shortly after the agreed motion was filed, the trial court signed an order appointing an amicus attorney. However, in June 2023, the amicus attorney filed a motion to withdraw as counsel because Father had refused to pay her fees as ordered by the trial court and because she was unavailable on the scheduled trial date. Over Mother's written objection, the trial court permitted the

3

amicus attorney to withdraw and appointed a replacement. On July 17, 2023—the day of trial—the replacement amicus attorney also filed a motion to withdraw on the grounds that she had been unable to communicate with Father's counsel to work out the details concerning the payment of her retainer and her contact with the children. That same day, the trial court signed an order permitting the amicus attorney to withdraw, but it did not appoint another replacement or postpone the trial. Significantly, the trial court's order did not include a finding that the children's interests were adequately represented by another party to the suit whose interests were not adverse to those of the children.[4]

At the July 17, 2023 non-jury trial, Mother appeared without an attorney and participated pro se.[5] The trial court heard testimony from four witnesses, including both Mother and Father. Following the trial, the trial court found by clear and convincing evidence (1) that Mother had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or

---

[4]Indeed, based on our review of the record, it does not appear that the trial court ever made such a finding.

[5]At trial, Mother orally requested a continuance to allow her time to obtain an attorney, but the trial court denied her request. In her brief, Mother complains about the denial of her continuance request, but because her request was not written or verified, she failed to preserve any error regarding this issue. *See In re C.F.*, 565 S.W.3d 832, 844 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (explaining that "motions for continuance generally must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit" and holding that mother's oral continuance request on the day of trial was insufficient to preserve error); *see also* Tex. R. Civ. P. 251.

emotional well-being and (2) that termination of her parental rights was in the children's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (2). Based on these findings, the trial court signed an order terminating Mother's parental rights and appointing Father as the children's sole managing conservator. Mother filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

## II. DISCUSSION

Mother contends that the trial court erred by, among other things,[6] allowing the trial to proceed without an ad litem or amicus attorney for the children. *See* Tex. Fam. Code Ann. § 107.021(a–1) (requiring an attorney ad litem or amicus attorney to be appointed to represent the children in private termination suits unless the trial court finds that the interests of the children will be represented adequately by a party to the suit). We agree.

---

[6]In her brief, Mother raises a number of "issues," but most of them do not present valid grounds for appeal, and except for her Family Code Section 107.021(a–1) issue, none of them are adequately briefed. Indeed, Mother's brief contains no citations to the record, and other than Section 107.021(a–1), she cites no authorities. *See* Tex. R. App. P. 38.1(i). Thus, we will only consider Mother's Section 107.021(a–1) argument; she has forfeited the remainder of her issues due to inadequate briefing. *See id.*; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing); *see also Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." (first citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); and then citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied))).

## A. Preservation of Error

Although Mother filed a written objection to the original amicus attorney's withdrawal motion, it does not appear that she objected to the second amicus attorney's withdrawal motion or to the trial court's failure to appoint a replacement. Generally, for error to be preserved for appellate review, the complaining party must have made an objection to the trial court and the trial court must have ruled on the objection, or if the trial court refused to issue a ruling, the complaining party must have objected to the refusal. Tex. R. App. P. 33.1. However, several courts of appeals have held that a complaint concerning a trial court's failure to appoint an attorney ad litem or amicus attorney in a private termination case may be raised for the first time on appeal. *See In re D.M.O.*, No. 04-17-00290-CV, 2018 WL 1402030, at *2 (Tex. App.—San Antonio Mar. 21, 2018, no pet.) (mem. op.); *In re K.M.M.*, 326 S.W.3d 714, 715 (Tex. App.—Amarillo 2010, no pet.); *Turner v. Lutz*, 654 S.W.2d 57, 58 (Tex. App.—Austin 1983, no pet.); *Arnold v. Caillier*, 628 S.W.2d 468, 469 (Tex. App.—Beaumont 1981, no pet.). Given the constitutional interests at stake in termination proceedings, ad litem and amicus attorneys' important role in such proceedings, and Section 107.021(a–1)'s mandatory nature, we agree with our sister courts that this issue may be raised for the first time on appeal. *See D.M.O.*, 2018 WL 1402030, at *2; *cf. T.L. v. Cook Children's Med. Ctr.*, 607 S.W.3d 9, 43 (Tex. App.—Fort Worth 2020, pet. denied) (recognizing that the parent–child relationship is constitutionally

6

protected). Thus, we will address the merits of Mother's Section 107.021(a–1) complaint.

## B. Applicable Law

In a private termination suit, the Texas Family Code requires the trial court to appoint an amicus attorney or an attorney ad litem to represent the interests of the children "unless the court finds that the interests of the child[ren] will be represented adequately by a party to the suit whose interests are not in conflict with the child[ren]'s interests." Tex. Fam. Code Ann. § 107.021(a–1). In other words, the statute requires the trial court either (1) to appoint an amicus or ad litem attorney for the children or (2) to make an affirmative finding that the children's interests can be adequately represented by one of the parties and are not in conflict with that party's interests. *Id.*; *D.M.O.*, 2018 WL 1402030, at \*3. We review a trial court's finding that the children's interests will be represented adequately by a party to the suit for abuse of discretion.[7] *D.M.O.*, 2018 WL 1402030, at \*3 (citing *In re C.A.P.*, No. 04-12-00553-CV, 2013 WL 749825, at \*2 (Tex. App.—San Antonio Feb. 27, 2013, pet. denied) (mem. op.)).

Although Section 107.021(a–1) allows a trial court to proceed without the appointment of an ad litem or amicus attorney if it makes the requisite finding, our sister courts have recognized that when—as here—parents are adversaries in a suit to

---

[7]As noted above, the trial court made no such finding in this case. *See supra* note 4.

7

terminate one parent's rights, the trial court can seldom find that one party adequately represents the interests of the children involved or that a party's interests are not adverse to those of the children. *D.M.O.*, 2018 WL 1402030, at *3 (quoting *K.M.M.*, 326 S.W.3d at 715); *see also Chapman v. Chapman*, 852 S.W.2d 101, 102 (Tex. App.—Waco 1993, no writ); *Barfield v. White*, 647 S.W.2d 407, 409 (Tex. App.—Austin 1983, no writ). In such cases, because each parent is strongly advocating his or her own interest, they generally cannot adequately represent the children's interests. *See Chapman*, 852 S.W.2d at 102; *see also In re R.N.G.*, No. 11-02-00084-CV, 2002 WL 32344622, at *4 (Tex. App.—Eastland Dec. 12, 2002, no pet.) (not designated for publication); *Nichols v. Nichols*, 803 S.W.2d 484, 485–86 (Tex. App.—El Paso 1991, no writ); *Barfield*, 647 S.W.2d at 409; *Turner*, 654 S.W.2d at 59–60.

## C. Analysis

Here, the trial court allowed the trial to proceed without an ad litem or amicus attorney,[8] but it never made an affirmative finding that the children's interests were

---

[8]Based on our review of the record, it does not appear that either of the amicus attorneys appointed by the trial court provided any meaningful legal services to the children before being allowed to withdraw from the case. The original amicus attorney was appointed on May 12, 2023, and was permitted to withdraw on June 20, 2023. Although she filed an answer and a motion for continuance on behalf of the children, she claimed in her withdrawal motion that Father had never paid her fees as ordered by the trial court; thus, it is doubtful that she played an active role in the litigation during her roughly six-week appointment. Similarly, the replacement amicus attorney, who was appointed less than thirty days before trial, claimed in her withdrawal motion that she had been unable to contact Father's attorney until one business day before trial to make arrangements regarding the payment of her fees and her contact with the children. Thus, it appears that she never successfully contacted the children, much less

adequately represented by one of the parties whose interests were not in conflict with those of the children. *See* Tex. Fam. Code Ann. § 107.021(a–1). Because the trial court made no specific finding encompassing an element of whether a party to the suit could adequately represent the children,[9] no finding may be implied on the matter. *See K.M.M.*, 326 S.W.3d at 715 (citing *Turner*, 654 S.W.2d at 58); *see also Chapman*, 852 S.W.2d at 101–02 (rejecting argument that an appellate court could presume a finding that a child's interests were adequately represented by a party to a private termination suit where the appellant failed to request findings of fact or conclusions of law because this "mandatory finding . . . is not . . . the type of finding contemplated by [Civil Procedure] Rule 296"). Indeed, given the clear adversarial posture between Mother and Father, the trial court could not have reasonably found—in the absence of unique circumstances—that the children's interests were adequately represented by one of the parties. *See Chapman*, 852 S.W.2d at 102; *Nichols*, 803 S.W.2d at 485–86; *Barfield*, 647 S.W.2d at 409; *Turner*, 654 S.W.2d at 59–60. Thus, the trial court failed to comply with Section 107.021(a–1); this constitutes reversible error. *D.M.O.*,

---

interviewed them, elicited their expressed objectives, or investigated the facts of the case to determine what outcome would be in their best interests. *See* Tex. Fam. Code Ann. § 107.003(a)(1); *D.M.O.*, 2018 WL 1402030, at *4.

[9]If anything, the trial court's findings in its Order Appointing Amicus Attorney suggest that neither party could adequately represent the children's interests. In this order, the trial court expressly found that "the best interest[s] of the children [were] in dispute" and that "an amicus attorney should be appointed" and acknowledged that the legal services to be provided by the amicus attorney were "necessary to assist the [c]ourt in protecting the best interests of the children."

2018 WL 1402030, at *4 (first citing *Turner*, 654 S.W.2d at 59–60; and then citing *Gaitan v. Blevins*, No. 04-95-00070-CV, 1996 WL 165529, at *3 (Tex. App.—San Antonio Apr. 10, 1996, no writ) (not designated for publication)).

Because there was no party in this case whose primary duty was to protect the children's interests and because the trial court never affirmatively found that the children's interests were adequately represented by a party to the suit, we sustain Mother's dispositive issue. *See* Tex. Fam. Code Ann. § 107.021(a–1); *Chapman*, 852 S.W.2d at 102.

### III. CONCLUSION

Having sustained Mother's dispositive issue, we reverse the trial court's order terminating Mother's parental rights and remand this case to the trial court for a new trial. The temporary orders signed by the associate judge in November 2022 shall remain in effect until further order of the trial court.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 5, 2024

10