

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00614-CV

_____

IN THE INTEREST OF M.B., A CHILD

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-734112-23

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellants J.B. and L.B. (Grandparents) want to adopt M.B. (Mary).[1]  They appeal the trial court's denial of their petition to terminate the parental rights of Mary's biological parents—C.R. and D.B.—and its corresponding dismissal of the adoption petition.[2]  Grandparents assert that the trial court abused its discretion by finding that termination was not in Mary's best interests.[3]  We agree.  In fact, because the trial court failed to comply with its statutory duty under Family Code Section 107.021(a-1), it erred by proceeding to a determination of Mary's best interests at all. *See* Tex. Fam. Code Ann. § 107.021(a-1).

In private termination suits, "the [trial] court *shall*, unless the court finds that the interests of the child will be represented adequately by a party to the suit whose interests are not in conflict with the child's interests, appoint . . . an amicus attorney[] or . . . an attorney ad litem." *Id.* (emphasis added).  Here, the trial court expressly declined to find that Mary's interests were adequately represented by a party whose

---

[1]Mary was 8 years old at the time of trial.  We refer to her using an alias and refer to her family members using descriptors.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]Although the trial court did not terminate Mother's or Father's parental rights, this case is still "an appeal of a suit for termination of the parent–child relationship," so we strive to "ensure that the appeal is brought to final disposition . . . [w]ithin 180 days of the date the notice of appeal is filed." Tex. R. Jud. Admin. 6.2(a).

[3]Grandparents raise a second appellate issue as well, but their challenge to the trial court's best interests determination is dispositive, so we need not address their other issue. *See* Tex. R. App. P. 47.1.

interests were not in conflict with hers. *Cf. In re J.C.*, No. 02-23-00381-CV, 2024 WL 1480490, at *3 (Tex. App.—Fort Worth Apr. 5, 2024, no pet.) (mem. op.) (holding that a finding that the child was adequately represented by a party could not be implied because the parents were adverse so "each parent [wa]s strongly advocating his or her own interest"); *In re D.M.O.*, No. 04–17–00290–CV, 2018 WL 1402030, at *3–4 (Tex. App.—San Antonio Mar. 21, 2018, no pet.) (mem. op.) (holding trial court abused its discretion by finding that one party adequately represented the child's interests and commenting that "where parents are adversaries in a suit to terminate one parent's rights, the trial court can seldom find that one party adequately represents the interests of the children"). So the court's statutory duty was clear: it was required to appoint an amicus attorney or attorney ad litem. Tex. Fam. Code Ann. § 107.021(a-1); *see* Tex. Gov't Code Ann. § 311.016(2) (codifying canon of construction that "'[s]hall' imposes a duty"); *J.C.*, 2024 WL 1480490, at *2 (noting "Section 107.021(a-1)'s mandatory nature"); *In re K.M.M.*, 326 S.W.3d 714, 715–16 (Tex. App.—Amarillo 2010, no pet.) (recognizing that "the legislature mandated the appointment of an attorney [ad litem or amicus] unless the requisite finding was made").

Yet the trial court did not do so. Instead, it heard evidence of and ruled on Mary's best interests without the statutorily required protections for those interests in

3

place.[4]  The court even expressly acknowledged in its findings of fact and conclusions of law that "the interests of the child were not represented" in the proceeding— whether by a party, an amicus attorney, or an attorney ad litem.[5]

"Due to the serious nature of parental termination proceedings and the important role of amicus and ad litem attorneys in assisting the trial court in making a best interest[s] determination in contested termination suits, a trial court's failure to appoint an attorney ad litem or amicus attorney when required to do so 'is error that cannot be treated as harmless.'"[6]  *D.M.O.*, 2018 WL 1402030, at *4 (quoting *K.M.M.*, 326 S.W.3d at 716, and explaining that "[a]n attorney ad litem or amicus attorney

---

[4]The trial court conducted a bench trial in October 2024 and circulated a letter ruling the following month.  However, a year passed before the trial court signed a final judgment in October 2025.  *Cf.* Tex. Fam. Code Ann. § 263.4011 (requiring entry of final order within a specified timeframe after commencement of trial in certain government-initiated termination suits).  The findings of fact and conclusions of law followed in November and December 2025.

[5]To further compound the error, the trial court's findings of fact and conclusions of law implicitly held the failure to comply with Section 107.021(a-1) against Grandparents by suggesting that such compliance was "a necessary legal element" that Grandparents were required to satisfy to prevail on their termination petition.  But the statutory duty belongs to the trial court.  *See id.* § 107.021(a-1).  As our sister court has explained, "the statute states the trial court 'shall' appoint an [ad litem or] amicus"; it does not state "that an amicus should only be appointed if requested by the parties."  *C. D. v. D. D.*, No. 14-23-00880-CV, 2024 WL 3419844, at *2 (Tex. App.—Houston [14th Dist.] July 16, 2024, no pet.) (mem. op.) (rejecting argument that the trial court erred by appointing amicus attorney sua sponte).

[6]For the same reason, a trial court's failure to comply with Section 107.021(a-1) can be raised for the first time on appeal.  *J.C.*, 2024 WL 1480490, at *2; *K.M.M.*, 326 S.W.3d at 715.

would have interviewed [the child] and the parties, elicited the child's expressed objectives, and investigated the facts of the case in the course of examining the [best interests] factors"); *see J.C.*, 2024 WL 1480490, at *2 (noting "the constitutional interests at stake in termination proceedings" and the fact that "ad litem and amicus attorneys [play an] important role in such proceedings"). "Thus, [when] the trial court fail[s] to comply with Section 107.021(a-1)[,] this constitutes reversible error." *J.C.*, 2024 WL 1480490, at *3 (reversing and remanding for new trial due to trial court's failure to comply with Section 107.021(a-1)); *see D.M.O.*, 2018 WL 1402030, at *4 (same); *K.M.M.*, 326 S.W.3d at 716 (same).

Accordingly, we sustain Grandparents' dispositive issue, reverse the trial court's judgment, and remand the case for a new trial—a trial in which Mary's interests are adequately represented. *See* Tex. Fam. Code Ann. § 107.021(a-1); Tex. R. App. P. 43.2(d).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: March 19, 2026

5